account of a violation of its terms, and could not possibly be justified under plaintiff's prayer for general relief in his order to show cause. The practice of granting relief on motions which is not within the perview of the notice or notices served should not receive the approval of the courts. Its dangers are apparent, and it does not make for the orderly administration of the law. Analogous to this question was one presented in Garcie v. Sheldon, 3 Barb. 232, where it was said:·

"It is irregular to grant affirmative relief to a party opposing a motion, upon matters appearing in the opposing papers, which the moving party has had no opportunity to answer."

The order denying the motion to punish for contempt, and vacating the injunction order, should therefore be modified by striking therefrom the provision in relation to the vacation of the injunction, and, as so modified, affirmed, without costs. All concur.

(109 App. Div. 859)

In re WEEKS' ESTATE.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. STATUTES—CONSTITUTIONALITY—CERTIFICATE OF PASSAGE—SUFFICIENCY.

Const. art. 3, § 25, provides that on the final passage of any act imposing, etc., any tax, etc., the question shall be taken by yeas and nays, which shall be duly entered on the journals, and three-fifths of all the members elected to either house shall in all cases be necessary to constitute a quorum therein. Laws 1892, p. 1676, c. 682, § 40, as amended by Laws 1894, p. 123, c. 53, provides that on the passage of a bill by either house, the presiding officer shall append to such bill a certificate of the date of its passage by the votes of the majority of all the members elected to such house or in the presence of three-fifths of such members, if such be the case, or by the votes of two-thirds of all the members elected to such house, as the case may be, and that no bill shall be deemed to have so passed unless certified by the presiding officer, which certificate to such effect shall be conclusive evidence thereof. Held, that certificates merely stating that a majority of the members and senators, respectively, voted in favor of the bill, and entirely silent respecting the number of members present were defective, such statement in no way indicating whether three-fifths were present.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, § 384.]

2. SAME—EVIDENCE—LEGISLATIVE JOURNALS.

In such case, resort might be had to the legislative journals to prove the fact that the requisite three-fifths of the members were present on the passage of the bill.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, § 384.]

Appeal from Surrogate's Court, Orange County.

In the matter of the appraisal of the estate of Mary A. Weeks under the acts relative to the taxable transfers of property. Appeal by Thomas W. Weeks, executor, from an order of the Surrogate's Court. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Marshal Stearns, for appellant.

Henry W. Wiggins (George M. Judd, on the brief), for respondent.

MILLER, J. The appellant contends that chapter 41, p. 165, of the Laws of 1903, violates article 3, § 25, of the state Constitution, in that three-fifths of all the members elected to the General Assembly and the Senate were not present on its passage, and for proof of the fact relies upon the certificates of the presiding officers of the two Houses, which merely state that a majority of the members and senators, respectively, voted in favor thereof; and it is contended that section 40 of the legislative law (chapter 682, p. 1676, Laws 1892, as amended by chapter 53, p. 123, Laws 1894) makes said certificates conclusive evidence of the fact that three-fifths of the members of each house, respectively, were not present. Said section 40 is as follows:

"Certificate of Presiding Officer.—Upon the passage of a bill or concurrent resolution by either house, the presiding officer thereof shall append to such bill or resolution, a certificate of the date of its passage by the votes of a majority of all the members elected to such house or in the presence of three-fifths of such members, if such be the case, or by the votes of two-thirds of all the members elected to such house, as the case may be. No bills shall be deemed to have so passed unless certified by the presiding officer, which certificate to such effect shall be conclusive evidence thereof."

Over the objection of the appellant, the respondent put in evidence certified copies of the journals of the two houses, showing the presence of the requisite three-fifths upon the passage of the bill in each House; also certified copies of amended and corrected certificates of the two presiding officers, made after the adjournment of the Legislature, attached to the original bill on file in the office of the Secretary of State, certifying that said three-fifths were present. The learned surrogate held that the original defective certificates of the two presiding officers were conclusive, but that said provision of the Constitution only applied to general tax laws; that the act in question was a special tax law, and, therefore, not within said constitutional provision. It is unnecessary to determine this question, as it is equally unnecessary to determine how far the Legislature may go in prescribing rules of evidence which might have the effect of defeating constitutional provisions, because it is clear that the certificates in question are defective within the authority of Rumsey v. N. Y. & N. E. R. R. Co., 130 N. Y. 88, 28 N. E. 763, and Matter of N. Y. and Long Island Bridge Co., 148 N. Y. 540, 42 N. E. 1088, and that, therefore, resort may be had to the journals to prove the fact. The original defective certificates are entirely silent respecting the number of members present, and a statement that a majority of all the members elected voted in favor of the bill indicates in no way whether three-fifths were present. This omission clearly rendered the certificates defective within the authorities cited, and, therefore, further consideration of the interesting questions presented is unnecessary at this time.

The order of the Surrogate's Court should be affirmed, with $10 costs and disbursements. All concur.